UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

A<small>RTHREX</small>, I<small>NC</small>.

    Plaintiff,

v.

N<small>ATIONAL</small> U<small>NION</small> F<small>IRE</small> I<small>NSURANCE</small>
C<small>OMPANY OF</small> P<small>ITTSBURGH</small>, P<small>A</small>. <small>AND</small>
F<small>EDERAL</small> I<small>NSURANCE</small> C<small>OMPANY</small>

    Defendants.
_____

Case No. 2:22-cv-00748

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT PURSUANT TO FED. R. CIV. P. 15

Plaintiff Arthrex, Inc. ("Arthrex"), by and through its undersigned counsel hereby files this Motion to Amend Complaint Pursuant to Fed. R. Civ. P. 15 in the above-captioned lawsuit ("Motion"). The proposed First Amended Complaint is attached hereto as **Exhibit 1**, along with its accompanying exhibits attached hereto as **Exhibits 2–15**. The grounds for this Motion are explained more fully in the following Memorandum of Legal Authority.

### MEMORANDUM OF LEGAL AUTHORITY

**I.    FACTUAL BACKGROUND**

This case is an insurance coverage action involving Defendant National Union Insurance Company of Pittsburgh, Pa.'s ("National Union") and Defendant Federal Insurance Company's ("Federal," together with National Union, "Insurers") wrongful

denial of coverage to Arthrex related to an underlying government investigation involving a *qui tam* lawsuit ("*Qui Tam* Action"). *See generally* ECF No. 1 ("Original Complaint"). Specifically, the Insurers issued directors' and officers' ("D&O") insurance policies to Arthrex covering, among other things, "a written demand for monetary, non-monetary or injunctive relief" (collectively, "Policies"). *Id.* ¶¶ 2, 12–16, 20–46. Despite this broad language, the Insurers nevertheless denied coverage to Arthrex after it was served with two governmental subpoenas related to the Department of Justice's investigation of the *Qui Tam* Action. *See id.* ¶¶ 95–97, 124, 127.

After nearly two years of unsuccessful negotiations with the Insurers, and left self-insured for tens of millions of dollars, Arthrex invoked the Policies' Dispute Resolution Process provision, which requires the parties to submit any dispute to non-binding mediation before the initiation of litigation. *See id.* ¶¶ 33, 136. This provision prescribes a 60-day "cooling-off" period before the parties may commence litigation should the mediation prove unsuccessful. *See id.* ¶ 35. The parties mediated, without resolution, on February 8, 2022. *See id.* ¶¶ 137–38. The mediator declared an impasse between the parties the same day. *See id.* ¶ 138.

After the Policies' mandated 60-day "cooling off" period, Arthrex filed this case in the District of Delaware on April 9, 2022, alleging breach of contract and the covenant of good faith and fair dealing (Delaware's common law version of bad faith), and seeking a declaratory judgment. *See generally id.* ECF No. 1. Less than a day later, the Insurers filed a nearly identical lawsuit, also pending in this Court, captioned

*National Union Fire Insurance Company of Pittsburgh, Pa., et al. v. Arthrex, Inc.*, No. 2:22-CV-00226 (M.D. Fla.). Thereafter, the Insurers moved to transfer this case from the District of Delaware to this Court, which the District of Delaware granted on November 8, 2022. *See* ECF Nos. 18–22, 24, 43–44. Based on this case's pending transfer to this Court, on November 17, 2022, Arthrex filed Civil Remedy Notices with the Florida Department of Financial Services, notice given to the Insurers, as a prerequisite to filing, in the alternative, a statutory bad faith claim against the Insurers under Florida law. *See* Exs. 14-15.

The District of Delaware transferred this case to this Court on November 28, 2022, which assigned this case to Judge Badalamenti on the same day. *See id.* ECF Nos. 45–46. Thereafter, the parties filed a Uniform Case Management Report on January 11, 2023, wherein the parties agreed, *inter alia*, that given the transfer of venue, Arthrex would amend its Original Complaint to include allegations related to a claim for statutory bad faith under Florida law:

> Arthrex's complaint presently includes a claim for bad faith. Arthrex intends to amend that count to include allegations related to a claim for statutory bad faith under Florida law. The parties agree that Arthrex shall file such amended complaint within fourteen calendar days of receipt of the Insurers' responses to Arthrex's recent Insurer Civil Remedy Notices. However, Arthrex and the Insurers agree that any bad faith claim Arthrex is presently asserting or may assert in its forthcoming amended complaint shall be stayed until a final resolution of the policy interpretation and coverage issues. Such a stay will be without prejudice as to the parties' arguments on choice of law for the bad faith claim specifically, and the Insurers agree that for the purposes of any statute of limitations, laches, the entire controversy doctrine, or other defense, the bad faith claim was filed timely. Within three business days of the forthcoming amended complaint, the parties shall file a stipulation and joint motion requesting that the Court formalize such a stay.

ECF No. 59 at 5.

The Insurers filed their responses to Arthrex's Civil Remedy Notices on January 13, 2023. *See* Exs. 14–15. This Court held a preliminary pre-trial conference on January 17, 2023, wherein the parties explained their agreed-upon plan for Arthrex to amend its Original Complaint to include statutory bad faith allegations under Florida law. *See* Transcript of Preliminary Pretrial Conference dated Jan. 17, 2023, attached hereto as **Exhibit 16**, at 12:23–18:9. Referencing the Uniform Case Management Report, the Insurers reiterated their consent for Arthrex to amend its Original Complaint. *See id.* at 14:6–10 (National Union's counsel stating: "We do have an agreement, as referenced in our management report, that Arthrex has agreed to file an amended complaint, including a bad faith count, in which, after it's filed, they will agree to stay the bad faith count until the conclusion of the coverage matter."). Ultimately, this Court ordered that amended pleadings were due February 16, 2023. *See id.* at 24:9–10.

For the reasons set forth more fully below, Arthrex respectfully requests that this Court grant this Motion and allow Arthrex to amend its Original Complaint, as previously agreed. Although previously indicating a willingness to consent to Arthrex's proposed amendment, the Insurers have notified Arthrex that their position of record on this Motion would be that they oppose.

The parties are continuing their discussion toward an agreed-upon proposal regarding the status of Arthrex's common law and statutory bad faith claims pending resolution of Arthrex's claim for breach of contract.

## II.   ARGUMENT

### A.   Legal Standard

Federal Rule of Civil Procedure 15 provides that, beyond the statutory allowance for amendment as of right, and absent consent from the opposing party, a party seeking leave to amend a pleading must obtain the court's leave. *See* Fed. R. Civ. P. 15(a)(2). This Rule states that "[t]he court should freely give leave [to amend] when justice so requires." *Id.*; *see also Spanish Broad Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) ("[L]eave to amend must be granted absent a specific, significant reason for denial."). Courts will therefore freely grant leave unless the non-moving party can establish "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009).

### B.   This Court Should Grant Leave to Amend Under Rule 15's Liberal Standard

As explained, and as the parties previously agreed, Arthrex seeks leave to amend its Original Complaint for the sole purpose of accounting for the transfer of this case from the District of Delaware to this Court—a transfer that the Insurers affirmatively sought. *See* ECF Nos. 18–21, 43–46, 59 at 5; **Ex. 16** at 14:6–10.

Arthrex's Original Complaint did not include allegations related to statutory bad faith under Florida law because the choice-of-law analysis in the original forum (Delaware) is straightforward and would have clearly applied Delaware law to this dispute. Indeed, the Original Complaint includes a cause of action alleging that the Insurers breached their duty of good faith and fair dealing, which is Delaware's equivalent to bad faith.[1]  *See* ECF No. 1 at 157–163.

Accordingly, Arthrex does not seek to add any new claims that did not already exist in the Original Complaint, other to include allegations that it abided by Florida's requirement that policyholders must exhaust administrative remedies before they may file a bad faith lawsuit against their insurers. Allowing amendment to include the proposed additional allegations will not prejudice the Insurers because they have been on notice of their alleged bad faith conduct since at least April 9, 2022, when Arthrex filed suit in Delaware.

Nor can they plausibly argue that they have not been adequately notified of Arthrex's intent to bring a statutory bad faith claim under Florida law. After the District of Delaware granted the Insurers' motion to transfer this case to this Court, Arthrex promptly filed the statutorily required Civil Remedy Notice against both the Insurers on November 17, 2022, even before this case was officially transferred.  *See* Exs. 14–15. The Insurers therefore have been on notice of the proposed cause of action under Florida law for at least three months. The Insurers can point to no "specific,

---

[1] Delaware law does not contemplate a statutory action for bad faith.

significant reason for denial" of leave to amend. *Spanish Broad Sys.*, 376 F.3d at 1077; *see also McKinley*, 177 F.3d at 1258; *Equity Lifestyle*, 556 F.3d at 1241. Arthrex is entitled to amend its Original Complaint under Rule 15's liberal amendment standard.

## III.  CONCLUSION

For the foregoing reasons, Arthrex respectfully requests that the Court grant its Motion for Leave to Amend Complaint Pursuant to Fed. R. Civ. P. 15.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g) of the United States District Court for the Middle District of Florida, the undersigned certifies that counsel for the Plaintiff, Alexander H. Berman, Esq. conferred in good faith with counsel for the Defendants, Steven J. Brodie, Aaron S. Weiss, Daniel G. Enriquez, Jennifer Wall, and Mallory Hall, via electronic mail on February 15 and 16, 2023, about this motion. The parties were unable to agree to resolution of all or part of this motion.

DATED:  February 16, 2023                                Respectfully submitted,

                                                                       *s/ Alexander H. Berman*

Michael R. Esposito                                   Justin F. Lavella (*pro hac vice*)
Florida Bar No.: 37457                              Alexander H. Berman (*pro hac vice*)
**BLANK ROME LLP**                            **BLANK ROME LLP**
201 E. Kennedy Blvd., Ste. 520             1825 Eye Street, N.W.
Tampa, FL 33602                                     Washington, D.C. 20006
Telephone: 813-255-2324                       Telephone: 202-420-4834
Facsimile: 813-433-5352                         Facsimile: 202-379-9046
michael.esposito@BlankRome.com       justin.lavella@blankrome.com
                                                                    alex.berman@blankrome.com

*Counsel for Defendant Arthrex, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 16, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of the Notice of Electronic Filing generated by CM/ECF.

*s/ Alexander H. Berman*
Alexander H. Berman