# EXHIBIT G



AIG
Financial Lines
80 Pine Street, 5th Floor
NY, NY 10005
www.aig.com

Marina White
Analyst
T 212 458 1561
F 844 763 0754
marina.white@aig.com

**VIA E-MAIL**

April 17, 2020

larry.glick@arthrex.com

Larry Glick
Senior Associate General Counsel
Arthrex, Inc.
1370 Creekside Boulevard
Naples, FL 34108

| **RE:** | **Claim:** | **US DOJ Subpoena** |
|---|---|---|
| | **Insured:** | **Arthrex, Inc.** |
| | **Policy No.:** | **01-340-76-97** |
| | **Our File #:** | **4467406650US** |

Dear Mr. Glick:

Please be advised that I am the adjustor handling this matter and all future correspondence should be directed to my attention. The purpose of this letter is to 1) advise you that we will handle this matter as a potential claim, and 2) request additional information as more fully set forth below. Our coverage position is explained below.

We would like you to know that we appreciate you as a customer and are committed to working closely with you in connection with this matter. We expect that you may have questions after reading this letter regarding our position and the practical impact of the reservation of rights. Please feel free to contact me regarding any questions about our coverage position as well as to discuss a plan of action for the subject claim.

**The Policy**

AIG Claims, Inc. is claims administrator handling claims arising under insurance policy number 01-340-76-97 issued to Arthrex, Inc. by National Union Fire Insurance Company of Pittsburgh, PA, ("National Union"), a member underwriting company of American International Group, Inc. This PrivateEdge Plus Insurance Policy has a Policy Period effective from April 26, 2019 to April 26, 2020 and is subject to an aggregate limit of liability of $30,000,000 and a limit of liability for D&O Claims of $10,000,000 applicable to indemnity and defense costs. The self-insured retention for this Claim is $50,000. The self-insured retention must be exhausted before any defense and/or indemnity obligation exists.

In considering your request for coverage, we have reviewed the insurance policy referenced above, as well as the allegations asserted. No other policies were considered. If you assert a right to coverage under another policy issued by any other member company of AIG, please submit notice pursuant to the notice provisions contained in that policy.

**The Facts**

Based on the information we have received to date, the following sets forth a summary of the allegations. National Union is in receipt of two subpoenas directed to Arthrex, Inc. ("Arthrex") commanding appearance before the United States Department of Justice ("DOJ") on February 7, 2020



("First Subpoena") and March 9, 2020 ("Second Subpoena"). The subpoenas indicate that the DOJ is investigating possible Federal health care offenses, defined in U.S.C. § 24(a) to mean violations of, or conspiracies to violate certain statutes. The investigation appears to concern possible allegations related to violations of the False Claims Act, HIPAA, and the Anti-Kickback Statute. The First Subpoena requests various documents related to *Joseph B. Shea v. Dr. Peter Millett, ALM Research LLC*, No. 1:17-cv-12233-ADB (D. Mass), Arthrex policies concerning the anti-kickback statute, and assessments of the fair market value of services Arthrex received from physicians. The Second Subpoena requests documents concerning a list of physicians in addition to communications with Reinhold Schmieding (CEO) and John Schmieding (General Counsel) concerning any royalties or royalty arrangements. The DOJ requests documents dating back to 2010. Please advise if this is inaccurate or if there is additional information with regard to this matter.

**Coverage Analysis**

We draw your attention to the definition of a Claim, pursuant to Clause 2(b) of the D&O Coverage Section, which states that a Claim means

(i) a written demand for monetary or non-monetary relief (including any request to toll or waive any statute of limitations);

(ii) a civil, criminal, administrative, regulatory or arbitration proceeding for monetary or non-monetary relief which is commenced by:
- (1) service of a complaint or similar pleading;
- (2) return of an indictment, information or similar document (in the case of a criminal proceeding); or
- (3) receipt or filing of a notice of charges; or

(iii) a civil, criminal, administrative or regulatory investigation of an Individual Insured:
- (1) once such Individual Insured is identified in writing by such investigating authority as a person against whom a proceeding is described in Definition 2(b)(ii) may be commenced; or
- (2) in the case of an investigation by the Securities Exchange Commission ("SEC") or a similar state or foreign government authority, after:
  - i. the service of a subpoena upon such Individual Insured; or
  - ii. the Individual Insured is identified in a written "Wells" or other notice from the SEC or a similar state or foreign government authority that describes actual or alleged violations of laws by such Individual Insured.

The subpoenas do not meet the definition of Claim as defined by the Policy. The subpoenas are directed to Arthrex, Inc., and at the present time there is no written demand for relief, complaint, indictment, or notice of charges as noted in subparagraphs (i) and (ii). Additionally, no Individual Insured has been identified as a person against whom a proceeding may be commenced as denoted in subparagraph (iii) Since there has been no Claim made against an Insured at this time, we will accept this matter as a potential claim or notice of circumstances, which may give rise to a claim. We will accept this as notice of circumstance, but only to the extent that the information provided meets the requirements of section 6(c) of the General Terms and Conditions Section of the policy. In the event that a claim or complaint is asserted against an Insured as defined within the policy, please forward such information, documents or pleadings as quickly as possible, referencing the above claim number, so that we may review same for possible coverage under the policy.



We note the potential relevance of Endorsement #26 of the policy, which provides Pre-Claim Inquiry Cost Coverage for Individual Insureds. Endorsement #26 amends Coverage A and Coverage B to state in relevant part:

**COVERAGE A: INDIVIDUAL INSURED INSURANCE**

This policy shall pay the Loss of any Individual Insured arising from a:

(i) Claim made against such Individual Insured for any Wrongful Act of such Individual Insured; and

(ii) Pre-Claim Inquiry, to the extent that such Loss is either Pre-Claim Inquiry Costs or Liberty Protection Costs;

except when and to the extent that a Company has indemnified such Individual Insured.

**COVERAGE B: PRIVATE COMPANY INSURANCE**

(i) *Company Liability*: This policy shall pay the Loss of any Company arising from a Claim made against such Company for any Wrongful Act of such Company.

(ii) *Indemnification of an Individual Insured*: This policy shall pay the Loss of a Company arising from a:

(a) Claim made against an Individual Insured for any Wrongful Act of such Individual Insured; and

(b) Pre-Claim Inquiry, to the extent that such Loss is either Pre-Claim Inquiry Costs or Liberty Protection Costs;

but only to the extent that such Company has indemnified such Individual Insured.

This Policy provides coverage for costs of a Company arising from a Pre-Claim Inquiry, which is defined as:

(1) verifiable request for an Individual Insured of any Company (i) to appear at a meeting or interview; or (ii) produce documents that, in either case, concerns the business of that Company or that Individual Insured's insured capacities, but only if the request came from any:

(a) Enforcement Body; or

(b) Company […]

Accordingly, Pre-Claim Inquiry costs are defined, in relevant part, as:

(a) with respect to a Pre-Claim Inquiry as described [above], the reasonable and necessary pre-Claim fees, costs and expenses consented to by the Insurer and incurred by an Individual Insured solely in connection with his/her preparation for and response to *a Pre-Claim Inquiry directed to such Individual Insured*, including attendance at an interview or meeting requested by an Enforcement



>  Body, but excluding (i) any compensation of any Individual Insured; and (ii) the costs of complying with any formal or informal discovery or other request seeking documents, records or electronic information in the possession or control of a Company, the requestor or any other third party; *[emphasis added]*

Accordingly, the subpoenas do not yet meet the definition of a Pre-Claim because they are directed to Arthrex, Inc. and not an Individual Insured. And though some documents requested related to named individuals, Endorsement #26 specifically excludes the costs of complying with any formal or informal discovery or other request seeking documents, records or electronic information in the possession or control of Arthrex. Thus, no coverage is available for the First or Second Subpoenas directed to Arthrex at this time.

National Union's preliminary coverage position is based on the information presently available to us. This letter is not, and should not be construed as, a waiver of any terms, conditions, exclusions or other provisions of the Policy, or any other policies of insurance issued by National Union or any of its affiliates. National Union expressly reserves all of its rights under the Policy, at law or in equity, including the right to assert additional defenses to any claims for coverage, if subsequent information indicates that such action is warranted.

Should you have any additional information that you feel would either cause us to review our position or would assist us in our investigation or determination, we ask that you advise us as soon as possible. Also, if you are served with any additional demands, subpoenas, or amended complaints or pleadings, please forward them to us immediately, so that we can review our coverage position.

If you have any other insurance policies which may respond to this claim asserted, you should report this matter to the issuing carrier[s] immediately.

In closing, allow me to reiterate that we value you as a customer and encourage you to contact us should you have any questions or concerns regarding the contents of this letter. Thank you for your cooperation in this matter.

Very truly yours,

Marina White

*This correspondence is sent by AIG Claims, Inc. as authorized administrator for National Union Fire Insurance Company of Pittsburgh, Pa.

cc:  kristin.diaz-garcia@arthrex.com
     antoinette.banks@aon.com
     lauren.gabler@arthrex.com
     amy.dunbar@aon.com
     sandy.cridland@aon.com
     mark.kimmel@aon.com